UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GAVIN BLAINE OLSON,<br>                      Petitioner,<br>    v.<br>ISIDRO BACA, et al.,<br>                      Respondents. | Case No. 3:16-cv-00010-MMD-WGC<br><br>ORDER |

On January 13, 2016, the Court dismissed this habeas corpus action, brought by Nevada prisoner Gavin Blaine Olson, because Olson did not pay the filing fee or file an application to proceed *in forma pauperis*. *See* Order entered January 13, 2016 (dkt. no. 3); Judgment (dkt. no. 4).

On January 25, 2016, Olson filed a "Motion for Relief from Order of Judgment" (dkt. no. 5), apparently requesting that the Court reconsider the dismissal of his action.

Where a ruling has resulted in final judgment, a motion for reconsideration may be construed as either a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Rule 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the

> judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). In order to succeed on such a motion for reconsideration, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). A motion to alter or amend a judgment, under Rule 59(e), "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001), quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

Olson has shown no reason for the Court to reconsider its January 13, 2016, order, or the judgment entered that same date.

It is therefore ordered that petitioner's "Motion for Relief from Order of Judgment" (dkt. no. 5) is denied.

Dated this 29th day of January 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE